```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      EASTERN DIVISION
```

DANNY DASON PETTIT, #K5926                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 4:05cv108TSL-AGN

WARDEN GREER, WARDEN CARTER,
WARDEN CROSSIN, MAJOR MOREY,
CAPTAIN COLLINS, CAPTAIN ENTERKIN,
OFFICER BOONER, BOARD OF SUPERVISORS,
and JOHN DOES                                                DEFENDANTS

## OPINION AND ORDER

On June 28, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. An order was entered on August 2, 2005, directing the plaintiff to file an amended complaint within 20 days. The plaintiff was warned in this court's order of August 2, 2005, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff failed to comply with this order.

When the plaintiff failed to comply with the order of August 2, 2005, an order to show cause was entered on September 22, 2005, directing him to respond in writing within 15 days to explain why this case should not be dismissed for failure to comply with this court's order of August 2, 2005. In addition, the plaintiff was directed to comply with the order of September 22 by filing an amended complaint within 15 days.

On October 12, 2005, the envelope containing the show cause order was returned by the postal service with the notation "return to sender – RELEASED". The plaintiff has failed to respond to two court orders and has failed to keep this court informed of his current address. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order

2

will be entered.

    This the    8th       day of  November, 2005.


                                            /s/ Tom S. Lee
                                           UNITED STATES DISTRICT JUDGE